**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1010

MARTY NORMAN,

Plaintiff - Appellant,

v.

CALL-A-NURSE, LLC; NOVANT HEALTH TRIAD REGION, LLC; THE MOSES H. CONE MEMORIAL HOSPITAL OPERATING CORPORATION,

Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:16-cv-01388-LCB-JEP)

Submitted: September 30, 2019                    Decided: November 8, 2019

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Michael Elliot, Charlotte, North Carolina, Robert M. Elliot, ELLIOT MORGAN PARSONAGE, Winston-Salem, North Carolina, for Appellant. Patrick E. Kelly, Kimberly J. Kirk, JOHNSTON, ALLISON & HORD, PA, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marty Norman appeals the district court's order granting summary judgment to the Appellees on her age discrimination claim raised pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 2018).[1] Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

---

[1] Norman also claimed that her discharge violated North Carolina public policy, but concedes that this claim is governed by the same standard that governs her ADEA claim.

2

Norman proceeded under the familiar *McDonnell Douglas*[2] pretext framework. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc), *abrogated in part by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-42 (2000) (applying *McDonnell Douglas* standard to ADEA claim). To establish a prima facie case of age discrimination, Norman was required to show: "(1) [she] is a member of a protected class, (2) [she] suffered an adverse employment action (such as discharge), (3) [she] was performing [her] job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) [her] position remained open or was filled by a similarly qualified applicant outside the protected class." *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006). If she did so, the Appellees were required to proffer a legitimate, nondiscriminatory reason for their employment decision. *Hill*, 354 F.3d at 285. Here, the Appellees concede that Norman satisfied her prima facie case, and Norman concedes that the Appellees had a legitimate, nondiscriminatory reason for her termination.

Thus, Norman had the burden to show that the Appellees' legitimate reason was, in fact, a pretext for intentional discrimination. *Id.* A plaintiff alleging age discrimination must establish "that age was the but-for cause of the employer's adverse decision." *Gross*, 557 U.S. at 177 (internal quotation marks omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false,

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148.

We conclude that the district court did not err in granting summary judgment to the Appellees. Essentially, Norman asks us to question the wisdom of the decision to terminate her. However, "[w]e do not sit as a super-personnel department weighing the prudence of employment decisions made by the defendants." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272 (4th Cir. 2005) (internal quotation marks omitted). Here, Novant Health ("Novant") hired a consultant to evaluate its relationship with Call-A-Nurse, LLC ("CAN"), which was led by Norman, and Novant decided to build its own internal call center after the consultant discovered several deficiencies in CAN's operations. Once Novant made this decision, Cone determined that CAN was no longer viable.

Although Norman argues that CAN's performance was not as bad as Novant and Cone thought, and that any issues were caused by Novant's failure to invest time and resources into CAN, this is at bottom a dispute over the wisdom of Novant's business practices. While Norman also points to comments that she contends demonstrate age-based animus, we conclude that these statements were similar to the type of vague remarks about generational change that we have found are insufficient to establish an age discrimination claim. *See, e.g.*, *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511-12 (4th Cir. 1994); *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 942 (4th Cir. 1992). And while Novant and Cone may have offered different accounts of their issues with Norman's performance, this does not call into question the reason behind their decision to terminate Norman. *See Hux*

4

*v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006) (holding "plaintiff cannot seek to [establish pretext] by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it"). Finally, given the efforts to wind down CAN's operations and transition into Novant's internal call center, we determine that Novant's instructions to forward Norman's emails to its legal department and its investigation into CAN's credit card statements fail to support an inference of discrimination.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*